UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MULTI DISTRESSED ASSET CO. LLC, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:10-cv-0962-TWP-DKL |
| BMCC INVESTMENTS, LLC, BRIAN EADS and LANDQUEST TITLE GROUP, INC., | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This breach of contract case comes before the Court on BMCC Investments, LLC ("BMCC") and Brian Eads' ("Eads") (collectively "Defendants"), Motion to Dismiss due to lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Dkt. 21]. For the following reasons, Defendants' Motion to Dismiss [Dkt. 21] is **GRANTED.** Plaintiff, however, is granted leave to file an Amended Complaint.

### I. BACKGROUND

Plaintiff, Multi Distressed Asset Co., LLC, ("Plaintiff") is a limited liability company and former owner of properties located in the state of Indiana. On September 29, 2009, by contract originally dated July 16, 2009, Plaintiff and Defendant entered into an agreement ("Contract") by which Plaintiff agreed to sell the twenty properties together to Defendant for a total sum of $180,000.00. The Contract included a schedule that set forth the sale of the individual properties. Defendant closed on only five of the twenty properties, paying Plaintiff a prorated share of the agreed to $180,000.00. Plaintiff alleges that by failing to close on all of the properties set forth in the Contract, it has suffered damages.

## II. LEGAL STANDARD

This motion to dismiss under Rule 12(b)(1) challenges the sufficiency of the amount in controversy requirement of 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §1332, district courts maintain original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332 (a)(1). However, in order for this Court to exert jurisdiction over diverse parties, the plaintiff must plead sufficient facts to satisfy the amount in controversy component.

As set out in *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009), the Seventh Circuit amount in controversy analysis shifts once contested. When the jurisdictional threshold is uncontested, the court will generally "accept the plaintiff's good faith allegation of the amount in controversy unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *McMillian*, 567 F.3d at 844 (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). However, "[w]here, as here, the defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with 'competent proof." *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The plaintiff must prove the "jurisdictional facts by a preponderance of the evidence." *Id*. (quoting *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006)). To satisfy this burden, a party must do more than "point to the theoretical availability of certain categories of damages." *Id*. (quoting *Am. Bankers Life Assur. of Florida v. Evans,* 319 F.3d 907, 909 (7th Cir.2003)).

## III. DISCUSSION

Defendants allege that Plaintiff fails to specify facts which would establish by a preponderance of the evidence that the amount-in-controversy exceeds the amount of $75,000,

exclusive of interest and costs. Plaintiff's Complaint quantifies damages relating to the five properties closed on by Defendants as $47,133.98. Plaintiff further alleges lost profits and loss of business opportunity. Plaintiff responds by asserting that as alleged in the Complaint, Plaintiff and Defendants entered into a Contract by which Defendants were to acquire twenty properties and were obligated to pay a total contract price of $180,000.00. Defendants only closed on five of the properties and paid $47,133.98 less than the amounts allocated to those properties. Thus, with respect to the properties only, Plaintiff was damaged in the amount of $47,133.98. However, when the remaining properties were sold, the Plaintiff alleges a net loss of $76,790.34. As support of the figures provided in Plaintiff's Response in Opposition, Plaintiff attaches an affidavit of its Vice-President.

A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence. *Blomberg v. Service Corp. Intern.*, 2011 WL 1405144, at *1 (7th Cir. 2011). "The party seeking removal does not need to establish what damages the plaintiff *will* recover, but only how much is in controversy between the parties." *Id.* (emphasis added). Further, to justify dismissal, it must appear to a "legal certainty" that the plaintiff will recover less than the jurisdictional amount. *Murphy Real Estate II, LLC v. 3420 Milwaukee, LLC*, 2010 WL 4967843 (E.D.Wis. December 01, 2010); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Ultimately, here, the contract called for the sale of property for the purchase price of $180,000.00. The Court finds the Defendants' assertion that Plaintiff contradicts itself regarding the value of each property by listing the valuation above the pro-rated $9,000.00 unpersuasive. It is not uncommon that when buying more than one item, the seller will reduce the average purchase price of individual items. Based upon the evaluation price by the seller of the

3

properties and the eventual selling price of the properties when sold at a loss, the Court is inclined to agree that Plaintiff has satisfied the requisite standard. However, Plaintiff's response and affidavits do not establish with specificity that the amount in controversy requirement has been met. As Defendants point out, the information provided by Plaintiff is incomplete. The Court therefore **GRANTS** Defendant's Motion to Dismiss the instant Complaint and will grant Plaintiff leave to file an Amended Complaint.

## IV. CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss [Dkt. 21] and Plaintiff's Motion for leave to file an Amended Complaint are **GRANTED**. Plaintiff shall have seven (7) days within which to file an Amended Complaint.

IT IS SO ORDERED.

Date: 06/10/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Sean M. Clapp
sean@seanmclapp.com

Jason Andrew Scheele
ROTHBERG, LOGAN & WARSCO LLP
jscheele@rlwlawfirm.com

Daniel Steven Tomson
MERCER BELANGER
dtomson@indylegal.com