# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| MULTI DISTRESSED ASSET CO. LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-0962-TWP-DKL |
| ) | |
| BMCC INVESTMENTS, LLC, ) | |
| BRIAN EADS and LANDQUEST TITLE ) | |
| GROUP, INC., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

For the reasons explained in this Entry, the Defendants' Second Motion to Dismiss Amended Complaint and for Attorney Fees [Dkt. 41] is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Plaintiff, Multi Distressed Asset Co., LLC ("Plaintiff"), is once again before the Court on BMCC Investments, LLC ("BMCC") and Brian Eads' ("Eads") motion to dismiss due to lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant LandQuest Title Group, Inc. ("LandQuest") has joined in the second motion to dismiss [Dkt. 43].

Plaintiff, the former owner of several properties located in the State of Indiana alleges that collectively, Defendants have breached the contract wherein Plaintiff agreed to sell Defendants' twenty properties for a total contract price of $180,000.00, and Defendants failed to close on all of the properties set forth in the Contract. In the First Amended Complaint, Plaintiff alleges that he suffered a total net loss of damages in the sum of $76,790.34. Defendants counter

that Plaintiff has received $113,292.00 of the $180,000.00 purchase price, therefore at the most, Plaintiff has been damaged in the amount of $66,708.00 and Plaintiff has not shown that its damages exceed $75,000.00.

## II. <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. §1332, district courts maintain original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Plaintiff, the party invoking jurisdiction, has the burden of establishing all elements of jurisdiction and must satisfy the amount in controversy component.

"When reviewing a dismissal for lack of subject matter jurisdiction, ... a district court must accept as true all well-pleaded factual allegations of the complaint and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999). Nevertheless, the burden of proof lies with "the party asserting jurisdiction," namely, the plaintiff. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir.2003). "[W]here, as here, the defendant challenges the plaintiff's allegation of the amount in controversy, the plaintiff must support its assertion with 'competent proof.'" *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). The plaintiff must prove the "jurisdictional facts by a preponderance of the evidence." *Id*. (quoting *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006)). To satisfy this burden, a party must do more than "point to the theoretical availability of certain categories of damages." *Id*. (quoting *Am. Bankers Life Assur. of Florida v. Evans,* 319 F.3d 907, 909 (7th Cir.2003)).

## III. DISCUSSION

In its June 20, 2011 Entry, this Court granted the Defendant's Motion to Dismiss after finding that Plaintiff's affidavits and response to the Motion to Dismiss did not prove the jurisdictional amount with specificity because the information pled by Plaintiff was incomplete. Plaintiff's Amended Complaint again fails to specify facts which would establish by a preponderance of the evidence that the amount-in-controversy exceeds the amount of $75,000.00, exclusive of interest and costs. The Amended Complaint alleges damages in the form of a total net loss of $76,790.34; however, Plaintiff fails to allege relevant facts to show how the alleged amount of damages is established. The calculations used to support the Affidavit of Dov Shimanowitx ("Affidavit") are not supported by the terms of the contract or the Affidavit itself. As Defendants argue in their brief, the contract states that the purchase price is $180,000.00 for the properties and the Amended Complaint shows that Plaintiff has already received a total amount of $113,292.00 from the sales of the 19 properties listed in the Amended Complaint. Since the purchase price was $180,000.00 and the Plaintiff has already received $113,292.00, the amount in controversy appears to be the sum of $66,708. 00.

A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence. *Blomberg v. Service Corp. Intern.*, 639 F.3d 761 (7th Cir. 2011). However, as Defendants point out, the information provided by Plaintiff remains incomplete and Plaintiff's estimate of damages in the sum of $76,790.34 is not supported by the evidence. Perhaps tellingly, the Plaintiff failed to file a response to the Defendants' Second Motion to Dismiss. Without more, the Court cannot find that Plaintiff has shown by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000.00. The claim lacks federal jurisdiction and should be litigated in state court.

The Court therefore **GRANTS** Plaintiff's Motion to Dismiss the Second Amended Complaint for lack of subject matter jurisdiction.

### IIII.     ATTORNEY FEES

Additionally, Defendants BMCC and Eads seek an award of attorneys' fees pursuant to Indiana Code § 35-52-1-1(b) for the preparation and prosecution of this Second Motion Dismiss and their brief in support thereof. BMCC and Eads allege that Plaintiff used the same facts and information in their original complaint and in the filing of the First Amended Complaint. Accordingly, they argue the Court should award them attorneys' fees for the filing of a frivolous and unreasonable action.

Indiana Code § 34–52–1–1(b) provides an exception to the general rule that each party pays its own attorney fees: "In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party: (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless; (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or (3) litigated the action in bad faith".

The decision to award attorney fees and the amount of the award are matters left to the trial court's sound discretion. *Mitchell v. Mitchell,* 695 N.E.2d 920, 924 (Ind.1998). A claim is frivolous for purposes of Indiana Code § 34-52-1-1 if it is taken primarily for the purpose of harassing or maliciously injuring a person, or if the lawyer is unable to make a good faith and rational argument on the merits of the action, or if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification or reversal of existing law. See *Chapo v. Jefferson County Plan Com'n,*, 926 N.E.2d 504 (Ind. App. Ct. 2010), *Michiana Dairy Processors, LLC v All Star Beverage, Inc*. 2011 WL 1296518 at * 1 (N.D. Ind.

4

Mar. 31, 2011). The Court finds that the actions of Plaintiff's counsel do not justify attorney fees under Indiana Code § 34–52–1–1. Here, Plaintiff's counsel offered additional facts in its attempt to establish specificity in support of its claim of jurisdiction; however, the Court has found the additional facts to still be incomplete. The circumstances in this case to do not warrant attorney fees for a frivolous action. Plaintiff's request for attorney fees is therefore **DENIED**.

### IIV.     CONCLUSION

For the aforementioned reasons, Defendants' Second Motion to Dismiss [Dkt. 41] is **GRANTED,** with prejudice, and Defendants' request for an award of attorneys' fees pursuant to Indiana Code § 34–52–1–1 is **DENIED**.

SO ORDERED.

Date: 12/13/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sean M. Clapp
sean@seanmclapp.com

Jason Andrew Scheele
ROTHBERG, LOGAN & WARSCO LLP
jscheele@rlwlawfirm.com

Daniel Steven Tomson
MERCER BELANGER
dtomson@indylegal.com

Alexander Jay Platte  ROTHBERG, LOGAN & WARSCO LLP
aplatte@rlwlawfirm.com,adeaton@rlwlawfirm.com